IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LIFE QUEST, INC., ) | Case Number: 4:08-CV-03016 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| VILLAGE OF PALMER and ARLO ) | |
| BOCKERMAN, individually and in his ) | |
| official capacity as MAYOR and CHAIR ) | |
| of the VILLAGE OF PALMER BOARD ) | |
| OF TRUSTEES, ) | |
| ) | |
| Defendants. ) | |

## SETTLEMENT AND CONSENT JUDGMENT

Plaintiff Life Quest, Inc. ("Life Quest") and Defendants the Village of Palmer (the "Village") and Arlo Bockerman ("Bockerman") desire to avoid costly and protracted litigation and have voluntarily agreed to resolve this action by entering into this Settlement and Consent Judgment, with no admission of liability.

A.  GENERAL NONDISCRIMINATION PROVISIONS

1.  The Village and Arlo Bockerman shall comply with the Fair Housing Act and will not:

    a.  Discriminate in the sale or rental, or otherwise make unavailable or deny, a dwelling to any buyer or renter because of a disability of: (A) that buyer or renter, or (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available, or (C) any person associated with that buyer or renter.

    b.  Discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in

connection with such dwelling, because of a disability of: (A) that person; or (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or (C) any person associated with that person.

    c. Refuse to make reasonable accommodations in rules, policies, practices or services when such accommodations may be necessary to afford such person or persons with disabilities an equal opportunity to use and enjoy a dwelling.

    d. Coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act.

2. The Village shall comply with the Americans with Disabilities Act and will not impose terms and conditions on people with disabilities who reside in the Village of Palmer with regard to access to facilities, programs, services, benefits, and/or any other public activity different from those terms imposed on people without disabilities living in the Village.

3. The Village and Bockerman shall comply with the equal protection clause of the Fourteenth Amendment of the United States Constitution, and shall treat people with disabilities in their housing and in the provision of services, facilities, programs, and any other public activities equally to people without disabilities living in the Village.

B.  ISSUANCE OF A CONDITIONAL USE PERMIT

4.  The Village agrees to issue a conditional use permit to Life Quest or otherwise permit it to operate as a permitted use a group home for up to fourteen residents at a site adjacent to 201 Commercial Street, as set forth in the conditional use application dated November 14, 2007 and as submitted to the Village Board for hearing on December 5, 2007.

5.  Life Quest agrees that neither it nor any person or entity related to it will construct or request permission to construct additional facilities, buildings, or additions to existing facilities or buildings to provide housing or programs for people with disabilities in the Village or within the Village's zoning jurisdiction until, at the earliest, May 2018.

C.  ACCESS TO PUBLIC FACILITIES AND PROGRAMS

6.  The Village agrees to continue providing all residents living in Life Quest's housing with access to the swimming pool on the same terms as all other citizens of the Village.

7.  The Village agrees to continue providing all residents living in Life Quest's housing with access to public events, such as football games, held on the Village-owned fields adjacent to the school on the same terms as all other citizens of the Village.

D.  ACTIONS BY LIFE QUEST

8.  Life Quest shall perform all of the following:

   a. hire three additional staff when the new 14-bed facility is open and fully occupied;

   b. assign the combined staff to both the original facility and the new 14-bed group home;

3

    c. ensure that all staff are trained in crisis interventional techniques;

    d. ensure that all residents are trained in using specific crisis intervention plans;

    e. not admit any residents into the existing or new program with a history of being a sex offender, except that the current resident who is classified as a sex offender shall be permitted to remain at the facility;

    f. install a video monitoring system in the new building and maintain the video monitoring system that already exists in the original building;

    g. install an alarm system on all exit doors in the new building to be used at night, and maintain the alarm system that already exists in the original building;

    h. ensure that all protocols and procedures are in place to contact the Sheriff's Department in the event of an emergency;

    i. enforce the rule that requires all residents to be home by dusk, and in bed by 10:30 p.m.;

    j. make hourly checks of all bedrooms in both homes;

    k. create a hotline with a point person who can be reached by anyone in the Village at any time of day or night to address any concerns;

    9. Life Quest and the Village agree that a Neighborhood Advisory Group ("Advisory Group") shall be established to address community concerns regarding the Life Quest facilities. The Advisory Group shall consist of a member of the Village Board, a Village homeowner, a business entity operating in the Village, a Life Quest client, and a Life Quest representative. Life Quest shall designate the Life Quest

4

representative and resident; the Village Board shall designate the Village Board member, the Village homeowner, and the business entity operating in the Village. The Advisory Group shall meet every other month, or more or less frequently as deemed necessary by the Village Board or its representative on the Advisory Group. The responsibility for establishing, organizing, and convening the Advisory Group shall be the responsibility of the Village Board.

10. Life Quest agrees to take all necessary and reasonable steps to withdraw the complaint it filed with the Department of Housing and Urban Development ("HUD") and to end any further investigation or action by HUD regarding the complaint.

E. **MONETARY AMOUNT**

11. The Village agrees to pay Life Quest $30,000.00 in full settlement of all claims raised in this case, including but not limited to claims of entitlement to declaratory and injunctive relief, compensatory and punitive damages, and attorney's fees and costs. Such amount is to paid contemporaneously with execution of this Settlement and Consent Judgment by the parties. Upon the instruction of Life Quest's counsel, the settlement check will be made payable to Life Quest's chief executive officer, Nancy Stephens, and Life Quest and Nancy Stephens agree that said payment will be in full settlement of all claims raised in this case as set forth above.

F.  **MISCELLANEOUS PROVISIONS**

12.  **Jurisdiction and Enforcement.** The Court shall retain jurisdiction to enforce the terms of this Settlement and Consent Judgment.

13.  **No Admission of Liability.** The Village and Bockerman have entered into this Settlement and Consent Judgment for the sole purpose of avoiding the time and expense of continued litigation and they deny any and all liability to Life Quest.

14.  **Counterparts.** The parties agree that this Settlement and Consent Judgment may be signed in counterparts.

LIFE QUEST, INC., Plaintiff

By: *Nancy Stephens* (signature)
Nancy Stephens
Chief Executive Officer

By: *Patricia A. Knapp* (signature)
Patricia A. Knapp, Esq., #17718
2311 23 Road
Dwight, Nebraska 68635
Phone: (402) 472-3271
Fax: (402) 472-3228
Email: pknapp2@unl.edu

By: *Beth Pepper* (signature)
Beth Pepper, Esq.
Admitted Pro Hac Vice
Law Office of Beth Pepper
210 North Charles Street, Suite 1700
Baltimore, Maryland 21201
Phone: (410) 752-2744
Fax: (410) 752-7392
Email: Bethpepper@aol.com

VILLAGE OF PALMER and
ARLO BOCKERMAN, Defendants

By: *(signature)*
Arlo Bockerman, in his individual
capacity and in his official capacity
as Mayor of the Village of Palmer and
Chair of the Village Board of Trustees

By: *(signature)*
Gregory H. Perry, #17775
Jeanette Stull, #21257
Perry, Guthery, Haase
& Gessford, P.C., L.L.O.
233 South 13th Street, Suite 1400
Lincoln, Nebraska 68508
Phone: (402) 476-9200
Fax: (402) 476-0094


DATED this 23 day of May, 2008.

s/ Richard G. Kopf
District Judge Richard Kopf