IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LIFE QUEST, INC., | ) | 4:08CV3016 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| VILLAGE OF PALMER and | ) | |
| ARLO BOCKERMAN, individually | ) | |
| and in his official capacity as Mayor | ) | |
| and Chair of the Village of Palmer | ) | |
| Board of Trustees, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On June 17, 2011, I received a letter from Nancy Stephens, Owner, Life Quest, Inc., which subsequently was docketed as a motion to modify the settlement and consent judgment that was entered on May 23, 2008. However, Ms. Stephens is not an attorney and cannot represent the corporate plaintiff in this matter. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony,* 506 U.S. 194, 201-02 (1993). "[T]he law does not allow a corporation to proceed *pro se*." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). The motion therefore will be ordered stricken and will not be considered by the court.

IT IS ORDERED that:

1. Plaintiff's motion to modify settlement and consent judgment (filing 21) shall be stricken from the court file.

2. Defendants' motion for enlargement of time to respond (filing 22) is denied without prejudice.

3. The clerk of the court shall mail a copy of this memorandum and order to Nancy Stephens at the return address shown on her correspondence.

DATED this 19th day of July, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge